# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **CANDICE WATKINS,** | ) | |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22-cv-00160** |
| | ) | |
| **THE FINISH LINE OF INDIANA, INC.,** | ) | |
| | ) | |
| Defendant**.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Finish Line of Indiana, Inc.[1] ("Finish Line") gives notice of the removal of this action to this Court from the Circuit Court of St. Louis County, Missouri. Finish Line removes this case on grounds of diversity jurisdiction and Finish Line's Notice of Removal is based upon and supported by the following:

### THE STATE COURT ACTION

1.      Plaintiff Candice Watkins commenced this action on December 20, 2021, by filing her Petition in the case styled, *Candice Watkins v. The Finish Line of Indiana, Inc.*, Case No. 21SL-CC06680, in the Circuit Court of St. Louis County, Missouri (the "State Court Action").  *See* Exhibit A.

2.      Plaintiff served Finish Line with Summons and the Petition on January 10, 2022, making its responsive pleading due within thirty days, or on February 9, 2022.

3.      This is an employment practices case in which Plaintiff alleges Finish Line violated

---

[1] At the outset, Defendant The Finish Line of Indiana, Inc. asserts that it is not the proper corporate entity that employed Plaintiff.  Instead, that is merely a "d/b/a" name.  The proper corporate entity employer is "The Finish Line, Inc."  This distinction is not material herein because (as indicated below and in Exhibit C) both entities are incorporated in Indiana and have their principal places of business in Indiana.

the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq*.

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Finish Line in the State Court Action are attached to this Notice as Exhibit B.

## VENUE

5.      Removal to this Court is appropriate because the State Court Action is pending in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction.  28 U.S.C. §§ 1441(a), 1446(a).

## TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7.      This Court has diversity jurisdiction under 28 U.S.C. § 1332, which requires the parties to the controversy to be citizens of different states and the amount in controversy to exceed $75,000.  28 U.S.C. § 1332(a)(1).

8.      Upon information and belief, Plaintiff is a resident and citizen of the State of Missouri.  *See* Exhibit A, Petition ¶ 8.

9.      The Finish Line of Indiana, Inc., is a corporation incorporated under the laws of Indiana with its headquarters and principal place of business in Indiana.  *See* Exhibit C, Declaration of Gabriel Dishaw. *See* 28 U.S.C. § 1332(c)(1).

10.      Therefore, for the purposes of diversity jurisdiction, Defendant is a citizen of Indiana.

11.      Under 28 U.S.C. § 1332(a)(1), the district court "shall have original jurisdiction of all civil actions where the matter in controversy… is between citizens of different States."

12.     Complete diversity of citizenship exists between Plaintiff, a citizen of Missouri, and Defendant, a citizen of Indiana.

**AMOUNT IN CONTROVERSY**

13.     The amount in controversy in this matter exceeds $75,000 as prescribed under 28 U.S.C. § 1332(a).

14.     The MHRA allows for potential recovery of lost wages, front pay, compensatory damages, punitive damages, and attorney's fees. *See* Mo. Rev. Stat. § 213.111.2.

15.     District courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

16.     Plaintiff specifically seeks damages "in excessive [sic] of $25,000..." *See* Exhibit A, Petition p. 6 at Wherefore Clause.

17.     Plaintiff seeks damages for "loss of income . . . including back pay from [October 28, 2020 to the date of trial] with interest thereon and fringe benefits, front pay, [and] compensatory damages." *Id.* p. 5 at Wherefore Clause.

18.     At the time of her dismissal, Plaintiff's salary was $39,520.00 per year. *See* Ex. C. Plaintiff was dismissed on October 28, 2020. *Id.* And because the trial of this matter is likely to occur after October 28, 2022, over two years of lost wages alone alleged in this controversy exceeds the $75,000 threshold.

19.     Plaintiff also seeks "damages for past and future mental anguish, inconvenience, loss [sic.] quality of life, and pain and suffering, and other affirmative relief necessary . . . ." Ex. A, p. 5 at Wherefore Clause.

20.     Recent verdicts and judgments in MHRA cases in various Missouri courts have far exceeded $75,000.  On October 25, 2019, Honorable David L. Vincent III, in front of whom the State Court Action is pending, entered final judgment in an MHRA case in the amount of $19,970,000.00 (Case No.: 17SL-CC00133, *Wildhaber v. St. Louis County, Missouri*). On February 2, 2018, the Honorable Justine E. Del Muro entered final judgment in an MHRA case in the amount of $356,694.69 and awarded $662,862.50 in attorneys' fees (Case No. 1516-CV25112, *Jones v. City of Kansas City, Mo.*). Even more recently, on December 13, 2021, the Honorable John N. Borbonus III entered final judgment in an MHRA case in the amount of $1,090,916.10 (Case No: 17SL-CC02353, *Ude v. The Boeing Company.*).

21.     Finally, Plaintiff also seeks to recover her attorneys' fees and any other costs and expenses incurred in maintaining her action. *Id.* p. 6 at Wherefore Clause.

22.     If Plaintiff prevails to any degree on even one of her claims at trial, it is likely that she will seek an award for her attorneys' fees, which even if taken alone would exceed $75,000. *Id.,* p. 5 at Wherefore Clause; *Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees)*, see also, supra,* ¶ 20.

23.     Based on the allegations in the Petition (but without making any admissions as to the merits thereof), there is legal certainty that the amount in controversy exceeds $75,000.  *See Hirschmugl v. State Farm Fire & Casualty Co.*, 2019 WL 1557090, *2 (E.D. Mo. Apr. 10. 2019) (standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000) (citing

*James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)).

24.     Because the diversity requirements under § 1332(a)(1) are met and the amount in controversy exceeds $75,000, this action is removable under § 1441(a).

## NOTICE PROVIDED TO PLAINTIFF AND STATE COURT

25.     Pursuant to 28 U.S.C. § 1446(d), Finish Line has given written notice of its filing of this Notice of Removal to counsel for Plaintiff.  On the same date as this Notice of Removal was signed, Finish Line served by mail a copy of this Notice of Removal upon Plaintiff's counsel at the address set forth in the Petition:  Kevin J. Kasper & Ryan Schellert, 3930 Old Hwy 94 South, Suite 108, St. Charles, MO 63304.

26.     On the same date as this Notice of Removal was filed, Finish Line also filed a copy of this Notice of Removal with the Circuit Court of St. Louis County, Missouri, the state court in which this action was commenced and pending at the time this Notice of Removal was filed.

WHEREFORE, Defendant The Finish Line of Indiana, Inc. respectfully requests that the above-entitled action now pending against it in the Circuit Court of St. Louis County, Missouri, be removed to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

/s/ *Bradley W. Tharpe*
James M. Paul, #44232MO
Bradley W. Tharpe, #71203MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone: 314.802.3935
Facsimile: 314.802.3936
james.@ogletree.com
bradley.tharpe@ogletree.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2022, the foregoing was electronically
filed with the Court Administrator and served via U.S. mail to the following counsel of record:

The Kasper Law Firm LLC

Kevin J. Kasper
Ryan Schellert
3930 Old Hwy 94 South, Suite 108
St. Charles, MO 63304
KevinKasper@kasperlawfirm.net
RyanSchellert@kasperlawfirm.net

ATTORNEYS FOR PLAINTIFF

/s/ *Bradley W. Tharpe*
ATTORNEY FOR DEFENDANT

50194824.1