# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
# STATE OF MISSOURI

| | |
|---|---|
| **CANDICE WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Cause No.:** |
| vs. ) | |
| ) | **Division:** |
| **THE FINISH LINE OF INDIANA, INC.,** ) | |
| Serve: ) | **JURY TRIAL DEMANDED** |
| CSC- Lawyers Incorporating Service Co. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW, Plaintiff Candice Watkins (hereinafter "Plaintiff"), by and through her attorneys, and for Petition for Violations of the Missouri Human Rights Act and, against Defendant The Finish Line of Indiana, Inc. (hereinafter "Defendant Finish Line"), states:

## JURISDICTION AND VENUE

1. The events involved in this Petition occurred in St. Louis County, Missouri.

2. Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., *et seq.* (MHRA)

3. This Court has jurisdiction over the subject matter of this action.

4. This Court has jurisdiction over the parties of this action.

5. Venue is proper pursuant to §508.010 and §213.111 RSMo., in that the events described herein occurred in St. Louis County, Missouri.

6. Plaintiff timely filed a charge of discrimination on or about February 3, 2021 with the Missouri Commission on Human Rights, Charge number E-02/21-52690 which was dually filed with the EEOC, Charge number 28E-2021-00298C.

1

7. Plaintiff was issued a Notice of Right to Sue from the Missouri Commission on Human Rights on September 20, 2021.

## **PARTIES**

8. Plaintiff Candice Watkins is an individual and a resident of St. Louis County, Missouri.

9. Defendant Finish Line is a foreign general business – for profit corporation with its principal office address at 3308 N Mitthoefer Rd, Indianapolis, IN 46235-2332, that at all relevant times herein conducted business within St. Louis County, Missouri.

## **COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT**

10. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

11. This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

12. At all relevant times herein, Defendant was an employer as defined by the MHRA.

13. Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

14. Plaintiff is an African American woman.

15. Plaintiff began working for Defendant in 2003 (with a small break in 2011) in various employment roles, including as sales associate, assistant store manager, manager in training, and Finish Line/Macy's (FLM) Team Lead/Store Manager.

16. Defendant last employed Plaintiff as a FLM Store Manager at its store at the St. Louis Galleria Macy's located at 1150 St. Louis Galleria, St. Louis, MO 63117.

Electronically Filed - St Louis County - December 20, 2021 - 04:33 PM

17. On or about June 2020, a new Caucasian area manager, Emily Ruszczak started at Defendant as Plaintiff's direct supervisor.

18. Out of the approximately nineteen (19) stores in Emily Ruszczak's direct supervision area, only five (5) had African American store managers.

19. Out of the approximately sixteen (16) area managers under the supervision of Plaintiff's Regional Manager, Al (last name unknown), none were African American.

20. When Emily Ruszczak started as Plaintiff's area manager, she started harassing Plaintiff and treating her differently based on Plaintiff's race and/or sex by:

   a) Harassing Plaintiff about only having "single coverage" in Plaintiff's store instead of "double coverage";

   b) Accusing Plaintiff of leaving her store unattended and unmanned while Plaintiff would be direct recruiting possible new employees for Plaintiff's store;

   c) Harassing Plaintiff about working forty (40) hours a week instead of forty-four hours that was supposedly required by Defendant;

   d) Making raced based comments about Plaintiff's tattoos including asking Plaintiff if she was a thug;

   e) Not allowing Plaintiff to engage in direct recruiting

   f) Telling Plaintiff that this was the chance for her (Emily Ruszczak) and the Regional Manager, Al to get rid of Plaintiff's female African American assistant manager due to a minor disciplinary issue.

21. Plaintiff was accused of by Emily Ruszczak of manually editing Plaintiff's timecards and of leaving her store unmanned/unattended.

22. Plaintiff denied ever leaving her store unmanned/unattended.

23. Caucasian and/or male employees would be allowed to manually edit timecards if there was a miscalculation, including Troy Davis, Dwayne Clacks and Katy Flynn.

24. Caucasian and/or make employees would be allowed to be in single coverage instead of double coverage, including Joe Dalton, the store manager at St. Clair Square.

25. Caucasian and/or make employees would be allowed to work less than forty-four (44) hours a week that Emily Ruszczak said Defendant's required.

26. Caucasian and/or male employees would be allowed engage in direct recruiting, including Troy Davis, Dwayne Clacks, Joe Dalton and Katy Flynn without being terminated.

27. During Plaintiff's employment with the Defendant, she was treated differently because of her race and gender.

28. Caucasian employees and male employees were treated more favorable than the Plaintiff by the Defendant in regard to job duties and benefits.

29. Caucasian and/or male store managers did not lose their jobs even though they had engaged in similar actions that Plaintiff was accused of committing.

30. Plaintiff had never been disciplined or been counseled for having any performance issues prior to her termination.

31. Plaintiff was terminated by Defendant on or about October 28, 2020.

32. Plaintiff was discriminated against and terminated by the Defendant on the basis of her race and sex.

33. Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her race and sex.

4

34. Defendant discharged and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her race and sex.

35. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

36. Plaintiff's race and sex were a motivating factor in Defendant's actions against her.

37. Through June 2020 to Plaintiff's date of termination Plaintiff was consistently discriminated against as an act or part of a pattern or practice of discrimination by the Defendant.

38. Defendant, by their actions and failures to act, including but not limited to those described above, have consistently discriminated against the Plaintiff on account of her race and sex on a continuing basis, since June 2020 to Plaintiff's termination, as an act or part of a pattern or practice of discrimination by the Defendant.

39. Plaintiff have suffered financial loss, incurred attorney fees, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

**WHEREFORE**, the Plaintiff Candice Watkins pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Finish Line has violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be

Electronically Filed - St Louis County - December 20, 2021 - 04:33 PM

determined at trial, in excessive of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted:

**KASPER LAW FIRM, LLC**

By: /s/ *Ryan Schellert*
Kevin J. Kasper, #52171
Ryan Schellert, #56710
3930 Old Hwy 94 South
Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
KevinKasper@KasperLawFirm.net
RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*