**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CANDICE WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00160-JAR |
| | ) | |
| THE FINISH LINE OF INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon Defendant The Finish Line of Indiana, Inc.'s Motion to Compel Arbitration and to Dismiss or to Stay Proceedings. (Doc. No. 7). Plaintiff opposes the motion. (Doc. No. 9). Plaintiff raises one claim against Defendant, her former employer, alleging she was discriminated against on the basis of her race or sex in violation of the Missouri Human Rights Act ("MHRA"). (Doc. No. 1-3). The motion is fully briefed and ready for disposition. For the reasons set forth below the motion will be granted in part and denied in part.

**Background**

Plaintiff, an African American woman, began working for Defendant in 2003. In June 2020, Emily Ruszczak, a Caucasian woman, was hired by Defendant and became Plaintiff's direct supervisor. Plaintiff alleges in her complaint that Ruszczak began harassing her and treated her differently due to her sex and race. Plaintiff was terminated by Defendant on October 28, 2020. She claims her termination was due to her sex or race.

While Plaintiff was employed by Defendant, she entered into an Employee Dispute Resolution Plan (the "Arbitration Agreement") with Defendant. Pursuant to the Arbitration Agreement:

> [Plaintiff] and [Defendant] agree to resolve all past, present, or future legal claims that either of you may have, including, but not limited to, claims relating to your employment, cessation of employment, and/or application for employment, claims for breach of contract or covenant, tort claims, claims for discrimination, harassment, or retaliation, and claims for any other violation of any federal, state, local, or other governmental law, statute, regulation, or ordinance, by binding arbitration administered by the American Arbitration Association ("AAA")….

(Doc. No. 8-4 at 1).

Pursuant to the Arbitration Agreement, the parties agreed that arbitration shall be administered in accordance with the AAA's Employment Arbitration Rules and Mediation Procedures. Id. These rules include a delegation provision, which grants the arbitrator the power to rule on his or her own jurisdiction. (Doc. No. 8-5 at 12).

Defendant retained the power to amend the Arbitration Agreement:

> The Plan may be amended or terminated by [Defendant] at any time; provided, however, that amendment or termination of the Plan shall not be applicable to a legal claim or dispute that arose prior to the date of the amendment or termination. The Plan shall apply in the form existing at the time arbitration is initiated.

(Doc. No. 8-4 at 4).

Defendant moved to compel arbitration, arguing the Arbitration Agreement encompasses Plaintiff's claim that she was discriminated against in violation of the MHRA. Defendant further claims that pursuant to the delegation provision, any dispute as to the arbitrability of the claims is delegated to the arbitrator. Defendant asks the Court to dismiss Plaintiff's case, as all the issues in her complaint will be resolved by arbitration. Plaintiff contends the Arbitration Agreement is illusory, and as such the Court should deny the motion to compel arbitration. Defendant responds that because the provision allowing it to amend the Arbitration Agreement does not apply

retroactively, it does not render the agreement illusory. Plaintiff further argues that, should the Court compel arbitration, the case should be stayed rather than dismissed.

**Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "establishes a liberal federal policy favoring arbitration agreements." Torres v. Simpatico, Inc., 781 F.3d 963, 968 (8th Cir. 2015) (quoting AT & T Mobility LLC v. Concepcion, 563 U.S. 333 (2011)); see also Iappini v. Silverleaf Resorts, Inc., 116 F. Supp. 3d 932, 936 (E.D. Mo. 2015). A district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005).

State contract law governs whether the arbitration agreement is valid. Torres, 781 F.3d at 968-69; see also Keymer v. Mgmt. Recruiters Intern., Inc., 169 F.3d 501, 504 (8th Cir. 1999). The Arbitration Agreement contains an Indiana choice of law provision, but the parties agree that there is not a material or substantive difference between Missouri and Indiana law in this matter. (Doc. No. 8-4 at 2). The basic elements of a contract are offer, acceptance, and consideration. Citibank (South Dakota), N.A. v. Wilson, 160 S.W.3d 810, 813 (Mo. Ct. App. 2005). Mutuality of agreement, or a "meeting of the minds" between the parties regarding the essential terms of the contract, is required. Ketcherside v. McLane, 118 S.W.3d 631, 635 (Mo. Ct. App. 2003). See also, Rogier v. Am. Testing & Eng'g Corp., 734 N.E.2d 606, 618 (Ind.Ct.App.2000) ("[T]here can be no contract unless both parties are bound.") To determine whether there has been a meeting of the minds, courts look to the parties' intentions, as expressed by their words or acts. Smith v. Hammons, 63 S.W.3d 320, 325 (Mo. Ct. App. 2002). See also Wolvos v. Meyer, 668 N.E.2d 671, 675 n.1 (Ind. 1996)

Before compelling arbitration, a district court must determine: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." Robinson v. EOR-ARK, LLC, 841 F.3d 781, 783–84 (8th Cir. 2016) (quoting Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004)). The Court, rather than the arbitrator, decides these substantive questions of arbitrability unless the parties "clear[ly] and unmistakabl[y]" delegated that issue to the arbitrator. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995) (citations omitted).

Defendant claims any questions of arbitrability have clearly been delegated to the arbitrator via the delegation provision. Plaintiff does not dispute that the Arbitration Agreement contains a valid delegation provision. As such, the Court must refer to arbitration any dispute about the validity of the Arbitration Agreement. See Wooten v. Fisher Investments, Inc., 688 F3d 487, 494 (8th Cir. 2012) (finding district court did not err in declining to rule on arbitrability where parties agreed to leave the question to the arbitrator); Johnson v. W. & S. Life Ins. Co., 598 F. App'x 454, 455–56 (7th Cir. 2015) (finding district court correctly treated delegation provision of agreement to arbitrate as valid where the plaintiff did not contest the validity of the provision). Accordingly, the Court will grant Defendant's motion to compel arbitration.

**Motion to Dismiss**

Defendant asks the Court to dismiss this case, arguing all disputes alleged in the complaint will be resolved by arbitration. Although other district courts have exercised their discretion in dismissing cases governed by a valid arbitration clause, "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green v. SuperShuttle Intern., Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. §3). The Court concludes that dismissal is not appropriate in these circumstances. The arbitrator must first determine if the dispute is arbitrable, and as such it is not clear that Plaintiff's claim will be

4

resolved via arbitration. The Court will, therefore, compel arbitration and stay this case until the parties complete arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Finish Line of Indiana, Inc.'s Motion to Dismiss and Compel Arbitration [7] is **GRANTED** in part to the extent it requests this Court compel arbitration. The Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** and the Court shall retain jurisdiction pending arbitration of Plaintiff's claims. Defendant shall submit a notice to the Court within ten (10) days of the conclusion of arbitration. If not concluded by **September 26, 2022**, Defendant must on that date file a report updating the Court on the status of the case.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this case. Dated this 24th day of March, 2022.



**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

5